UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Devin Charles Belcourt,

    Petitioner,

v.

Beltrami County Jail,

    Respondent.

Case No. 22-cv-1865 (NEB/DTS)

**REPORT AND RECOMMENDATION**

Petitioner Devin Charles Belcourt, a pretrial detainee awaiting trial on criminal charges in Minnesota state court, has filed a petition for a writ of habeas corpus seeking release from his detention. *See* Docket No. 1. This Court previously conducted a preliminary review of the habeas petition, as is required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and concluded that it did not appear from the petition that Belcourt had exhausted all available remedies before the Minnesota state courts. *See* Docket No. 4; *Eremy v. Ramsey County, Minnesota*, No. 17-cv-0083 (WMW/KMM), 2017 WL 3432067, at *1 (D. Minn. Apr. 21, 2017) ("Even though the statutory language of § 2241(c)(3) does not contain an exhaustion requirement, in the context of pretrial habeas petitions, 'federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'") (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.

---

[1] Because Belcourt is not detained pursuant to a state-court judgment, his petition is not brought pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). Nevertheless, the Rules Governing Section 2254 Cases may be applied to his petition. *See* Rule 1(b).

1987)).  Accordingly, Belcourt was ordered to show cause why this his petition should not be denied without prejudice for failure to exhaust state remedies.

Belcourt has since responded to this Court's order to show cause.  In that response, Belcourt asserts that he has attempted to raise the speedy-trial claim presented in his habeas petition to the court in which his criminal proceedings are being conducted, but that he has not received a response to his state-court petition.  *See* Docket No. 6.  Attached to that document is a petition for a writ of habeas corpus addressed to the state court and dated July 26, 2022 — the same date that this Court ordered Belcourt to show cause why this matter should not be dismissed.  *See* Docket No. 6-1.

State pretrial detainees are usually precluded from seeking federal habeas review on most claims for relief.  Generally speaking, a habeas petitioner — including a state pretrial detainee — will be required to exhaust all available alternative remedies before seeking federal habeas relief.  In the case of a state-court detainee, full exhaustion of remedies will entail presentation of the claim to the state appellate courts.  But appellate review is often available to state-court detainees until after judgment is entered in the criminal matter, by which time the petitioner is no longer a pre-trial detainee.  Thus, not until after the criminal proceedings have concluded may most state prisoners seek habeas relief in federal court.

Speedy-trial claims are an exception to that general rule.  *See Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484, 489-90 (1973)).  A petitioner *cannot* vindicate his federal constitutional right to a speedy trial after the state-court proceedings have concluded, at least insofar as the remedy that the petitioner seeks is, in fact, a speedier trial (as opposed to dismissal of the charges).  Such a claim would necessarily

become moot by the time that judgment had been entered, regardless of whether the petitioner's speedy-trial rights had been violated in the interim.

Nevertheless, a pretrial detainee seeking a more expedient trial must first fairly present his claims to the state courts before proceeding in federal court, even if that fair presentation does not encompass post-judgment appellate review.  *See Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981); *Castillo-Alvarez v. Hawkinson*, No. 10-CV-4187 (PAM/JJG), 2011 WL 3759828, at *3-4 (D. Minn. Aug. 4, 2011).  This Court concludes that Belcourt has not fairly presented his speedy-trial claim to the state courts for two reasons.  First, even on his own account, Belcourt has only recently raised the speedy-trial issue before the trial court.  "Fair presentation" of a claim requires providing the state courts with the reasonable opportunity to take action on the claims.  *See, e.g.*, *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).  The state trial court would have received Belcourt's petition for relief [Docket No. 5-1] only a few weeks ago, at most.  Second, even if the trial court could be interpreted as acting in a dilatory fashion towards Belcourt's petition for relief, another state-court remedy would nevertheless remain available to him: Belcourt could seek relief from the Minnesota Court of Appeals in the form of a writ of mandamus directing the trial court to take action on the speedy-trial petition.  *See* Minn. R. App. P. 120.01; *Politano v. Miller*, No. 08-CR-0238 (PJS/FLN), 2008 WL 906300, at *5 (D. Minn. Mar. 31, 2008).  There is no reason to believe that Belcourt has sought mandamus relief from the state appellate courts: Belcourt does not mention having sought such relief, and the electronic dockets of the state courts do not reflect such a petition for a writ of mandamus having been filed by Belcourt.

There is one further problem with Belcourt's petition: Although Belcourt is not entirely clear on this point, the remedy he is seeking — both before this Court and before the state courts — does not appear to be a speedier trial, but the complete cessation of the criminal process.  See Docket No. 1 at 2; Docket No. 6-1 at 1 (requesting from the state court that Belcourt receive "immediate relief from the custody of Beltrami County Jail).  But unlike where a petitioner demands to proceed immediately to trial, a petitioner's challenge to the validity of criminal proceedings on speedy-trial grounds *can* be vindicated in federal court, if necessary, after state-court post-judgment appellate proceedings have concluded; the issue and the remedy will not have become moot through the passage of time.  For that reason, a petitioner challenging the criminal process *in toto* on speedy-trial grounds must generally wait until after judgment has been entered and all direct appeals have been exhausted.  See *Politano*, 2008 WL 906300, at *5.  Belcourt, of course, has not yet completed this process.

Accordingly, this Court recommends that Belcourt's petition for a writ of habeas corpus be denied without prejudice and that this matter be dismissed.  Three matters, however, require further brief comment:

First, Belcourt has applied for *in forma pauperis* (IFP) in this proceeding.  See Docket No. 2.  He qualifies financially for IFP status, but an IFP application must be denied where a habeas petitioner is denied relief at the outset of the case.  See *Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).  Therefore, in light of the recommendation of denial of Belcourt's habeas petition, it is further recommended that his IFP application also be denied.

Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(A); *Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding state-pretrial detainees must procure a COA to appeal a final habeas order). This Court does not believe that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" that Belcourt has not yet exhausted available remedies for his claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is recommended that Belcourt not be granted a COA on that basis. *See id.*

Third, this Court has little knowledge about the circumstances of Belcourt's criminal proceedings in state court. That said, Belcourt's pretrial proceedings *do* seem to have dragged on for an unusually long time: Belcourt was indicted well over two years ago, and trial does not appear at this time to be scheduled imminently. Belcourt's speedy-trial claim may or may not be meritorious, but this Court's recommendation of denial of Belcourt's habeas petition (and recommendation that a COA be denied) should not be interpreted as suggesting that the speedy-trial claim is frivolous on its face. The claim simply must be adjudicated in state court first, through the proper procedural avenues.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The petition for a writ of habeas corpus of petitioner Devin Charles Belcourt [Dkt. No. 1] be DENIED WITHOUT PREJUDICE.

2. This case be DISMISSED.

3. Belcourt's application to proceed *in forma pauperis* [Dkt. No. 2] be DENIED.

4.  No certificate of appealability be issued.


Dated: September 9, 2022                    s/David T. Schultz
                                                                  DAVID T. SCHULTZ
                                                                  U.S. Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).